In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-25-00131-CV
_____

IN RE DISCOUNT TIRE COMPANY OF TEXAS, INC. AND THE
REINALT-THOMAS CORPORATION

Original Proceeding
58th District Court of Jefferson County, Texas
Trial Cause No. A-210,788

MEMORANDUM OPINION

In a petition for a writ of mandamus, Relators Discount Tire Company of Texas, Inc. and The Reinalt-Thomas Corporation challenge the trial court's order of April 11, 2025, which ordered Relators to produce "all balance sheets, income statements, cash flow statements, revenue statements, and profit and loss reports" for the fiscal year 2024 to the present. Relators argue the Real Parties in Interest, Todd Minter, Amy Minter, Addison Minter, Cedric Bekkens, Peggy Bekkens and Mathis Bekkens, failed to prove a substantial likelihood of success on their gross

1

negligence claims. Additionally, Relators argue the trial court abused its discretion by ordering production of anything more than Discount Tire's current balance sheet.

We promptly requested a response from the Real Parties in Interest. They filed a motion to dismiss this original proceeding without responding to any of the arguments presented in Relators' mandamus petition. They assert this proceeding is moot because the trial court vacated the challenged order.

In reply, Relators argue the controversy presented in their mandamus petition is not moot because Counsel for the Real Parties in Interest refused to enter into a Rule 11 agreement saying they are not currently entitled to net worth discovery. Relators argue the issue of net worth discovery is not moot as it is capable of repetition in a manner that evades review. *See In re Allied Chem. Corp.*, 227 S.W.3d 652, 655 (Tex. 2007) (orig. proceeding).

The trial court vacated the net worth discovery order on its own motion. In that regard this case is distinguishable from the case cited by Relators, in which the real parties in interest withdrew their challenged discovery requests after the relators sought mandamus review. *See In re Contract Freighters*, 646 S.W.3d 810, 813-14 (Tex. 2022) (orig. proceeding) ("But mootness is not readily found, particularly when a party has taken steps to cause mootness.").

We conclude this original proceeding is moot. Accordingly, we grant the motion to dismiss, and we dismiss this mandamus proceeding as moot.

PETITION DISMISSED.

PER CURIAM

Submitted on April 25, 2025
Opinion Delivered June 19, 2025

Before Golemon, C.J., Johnson and Chambers, JJ.